UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMAL PAUL TRAHAN**                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 15-3039**

**DEUTSCHE INVESTMENT MANAGEMENT**                        **SECTION "B"(2)**
**AMERICAS, INC., ET AL.**

ORDER AND REASONS[*]

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendant's, GMFS, LLC ("GMFS"), "Motion to Dismiss Pursuant to Federal Rule 12(b)(6)" (Rec. Doc. 52), as well as Plaintiff's, Norman Paul Trahan, opposition thereto. (Rec. Doc. 55). Defendant GMFS seeks dismissal of any claims against it because Plaintiff's pleadings do not provide a cause of action upon which relief can be granted.

For the reasons outlined below, **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** unless Plaintiff files **within fourteen (14) days** of the filing of this Order an amended complaint with detailed facts to support legal conclusions against Defendant GMFS.

**II.  FACTS AND PROCEDURAL HISTORY**

In 2003, Plaintiff inherited a home and other debts from a Will. (Rec. Doc. 1-2 at 6). Because of the debts, Plaintiff decided to acquire a mortgage on the home, entering into a loan with

---

[*] We are grateful for work on this matter by Philip Giorlando, an extern with our Chambers from the LSU Paul M. Herbert Law Center.

Countrywide Home Loans, Inc. on November 13, 2003. (Rec. Doc. 1-2 at 7). Following a work injury in 2004, Plaintiff was unable to pay the loan, resulting in foreclosure on the property on or about January 31, 2007. (Rec. Doc. 1-2 at 7). In his original complaint, filed in the 32nd District Court for Terrebonne Parish on June 19, 2015, Plaintiff claims that foreclosure was fraudulently obtained because of the multiple insurance options available to prevent this foreclosure. (Rec. Doc. 1-2 at 7).

The original defendants named in the suit were Countrywide Home Loans, Inc., Deutsche Investment Management Americas, Inc., and XXX Insurance Company and/or Companies. (Rec. Doc. 1-2 at 3). Those defendants removed the case to this Court on July 28, 2015, because there is complete diversity of citizenship as Plaintiff is a citizen of Louisiana, Defendant Countrywide is a citizen of New York and California, and Defendant Deutsche Investment is a citizen of New York and Delaware, and the amount in controversy exceeds $75,000 so as to justify jurisdiction under 28 U.S.C. § 1332. (Rec. Doc. 1 at 4-5). They also noted that removal was warranted because there are claims under the federal Truth in Lending Act, so as to provide federal subject matter jurisdiction under 28 U.S.C. § 1331.(Rec. Doc. 1 at 7).[1]

---

[1] It is important to note that jurisdiction under 28 U.S.C. § 1332 was destroyed by the latter addition of GMFS, a citizen of Louisiana. However, jurisdiction is still valid under 28 U.S.C. § 1331.

On August 12, 2015, Plaintiff's Amended Complaint naming Defendant GMFS was filed because discovery allegedly revealed that such an addition was necessary for relief. (Rec. Doc. 12 at 2). In the Amended Complaint, Plaintiff alleges that GMFS actively participated in unlawful financing and foreclosure practices on the mortgage. (Rec. Doc. 12 at 3). Plaintiff does not provide detailed facts on how GMFS was involved in the loan, apparently granted by Countrywide, or the mortgage foreclosed on by Countrywide (Rec. Doc. 12 at 3).

On April 14, 2016, Plaintiff filed his "Motion for Leave to Amend Complaint to Clarify," seeking to amend both the original Complaint and the Amended Complaint. (Rec. Doc. 35 at 1). Particularly, Plaintiff sought to include more legal details regarding the Defendants' illegal activities. (Rec. Doc. 35-1 at 1). This motion was denied by the Magistrate Judge on May 4, 2016, after noting that "Plaintiff ha[d] already requested and been granted leave to file a previous amendment." (Rec. Doc. 49 at 2)(citing Rec. Docs. 8,11-12). The Magistrate Judge further pointed out that the previously allowed "permitted amendment was the opportunity 'to clarify' what plaintiff duplicatively [sought] again with [the subsequent] motion." (Rec. Doc. 49 at 2). In concluding, the Magistrate Judge found "dilatory motive, bad faith, undue prejudice and futility all exhibited in th[e] motion." (Rec. Doc. 49 at 2).

Consequently, GMFS provides the only clarification of its position in the record to date. In its Motion, GMFS alleges that it was not involved with the mortgage in any way until it was endorsed to it in March of 2005. (Rec. Doc. 52-1 at 2). Following this endorsement, GMFS sold all rights in the mortgage to Goldman Sachs on May 29, 2005. (Rec. Doc. 52-1 at 2). Therefore, GMFS only interacted with the mortgage for approximately two months. Again, Plaintiff did not allege as much.

### III. MOTION TO DISMISS STANDARD

A motion to dismiss allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d

600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the movant pleads factual content that allows the court to draw the reasonable inference that the nonmovant is liable for the misconduct alleged. *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**IV.  DISCUSSION**

The issue is whether Plaintiff has provided enough facts to support a cause of action against GMFS. The only portion of the Complaint that includes Defendant GMFS is paragraph six of the Amended Complaint, which states that "GMFS, LLC . . . were active participants in the mortgage, seizure, and unlawful foreclosure of

Trahan's home and property as alleged in his original state petition." (Rec. Doc. 12 at 3). There is no factual support for this claim against GMFS, nor explanation as to GMFS's alleged involvement. (Rec. Doc. 12 at 3). It is also important to recognize that the facts in the pleadings do not show that GMFS issued the mortgage, engaged in any refinancing, or participated in the foreclosure. This "naked assertion" regarding the participation of GMFS requires more factual development before it can be considered by this Court. *Iqbal,* 566 U.S. at 678. Plaintiff contends that "ongoing discovery" has revealed GMFS as a defendant necessary for the success of the original Complaint, but has provided no facts to that effect. (Rec. Doc. 12 at 2).

Within Plaintiff's opposition, he cites to Title 12 of the Code of Federal Regulations as the primary law that GMFS breached. (Rec. Doc. 55 at 2). The pertinent portion of this law is § 226.34(a)(4), which states that a creditor cannot extend credit to someone "without regard to the consumer's repayment ability as of consummation." 12 C.F.R. § 226.34(a)(4). Even if this law was included in the Complaint or Amended Complaint, which it was not, Plaintiff is still required to provide factual support for this claim. *See Iqbal*, 566 U.S. at 669. In his Opposition, Plaintiff asserts that GMFS knew that his home could not be re-financed, but allowed it to occur anyway. (Rec. Doc. 55 at 2). There was no factual support for this assertion. Moreover, there are no facts

6

that even show GMFS's slightest involvement in this matter. Thus, the required standards established in *Iqbal* are not present. 566 U.S. at 678.

While the Court recognizes a liberal amendment policy, amendment is not automatic and is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nonetheless, the court should grant leave "[i]n the absence of any apparent or declared reason[.]" *Id.*[2] As previously noted, Plaintiff has already filed a motion attempting to clarify his claims a second time (Rec. Doc. 35), which was denied by the Magistrate Judge (See Rec. Doc. 49). Clearly, the proposed amendment sought to add further legal conclusions without notice of minimal factual support.

In addition to the Magistrate Judge's finding of "dilatory motive, bad faith, undue prejudice, and futility" (Rec. Doc. 49 at 2), this Court also recognizes the "repeated failure to cure deficiencies" in the Complaint "by amendments previously allowed." *Foman*, 371 U.S. at 182. Plaintiff already had an opportunity to clarify his claims with any necessary additions, including parties and facts, but failed to sufficiently supplement the original Complaint. (Rec. Doc. 12). While in agreement with the Magistrate

---

[2] These reasons include, but are not limited to, "undue delay, bad faith or dilatory motive on the part of the [party seeking to amend], repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

7

Judge, the undersigned will nevertheless give this *pro se* litigant notice that failure to provide factual support for legal conclusions in a timely filed motion to file an appropriate amending complaint will lead to dismissal of the action without further notice. Plaintiff has fourteen (14) days from entry of this Order to file such motion and amendment.

Finally, though this Court recognizes the leniency frequently afforded to *pro se* plaintiffs, *Moawad v. Childs*, 673 F.2d 850, 851-52 (5th Cir. 1982), such leniency may not be warranted with regard to any litigant where, as here, there is evidence of substantial experience as a *pro se* litigant in numerous legal cases in this court alone. *See, e.g.,* Complaint, *Trahan v. Janssen Pharm., Inc. et al.,* No. CV-15-2717 (E.D. La. filed July 17, 2015); *Trahan v. F.B.I.,* No. CV-14-1068 (E.D. La. July 14, 2014); *Trahan v. Abdon Callais Offshore, LLC*, No. CV-14-210 (E.D. La. Apr. 21, 2014); *Trahan v. Encore Food Servs., LLC et al.*, No. CV-13-6036 (E.D. La. Nov. 8, 2013); *Trahan v. Terrebone Par. Dep't of Corr. and Rehab., et al.*, No. CV-08-3773 (E.D. La. Mar. 12, 2009); *Trahan v. Laborde Marine Lifts, Inc.*, No. CV-05-6381 (E.D. La. May 30, 2008). Any amendment will be reviewed for compliance with above cautionary directives and subject to dismissal if noncompliant.

**V. CONCLUSION**

For the reasons enumerated above, **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; unless Plaintiff files **within fourteen (14) days** of the filing of this Order an amended

complaint with detailed facts to support legal conclusions against Defendant GMFS.

New Orleans, Louisiana, this 20th day of July, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE