UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMAN PAUL TRAHAN**                                              CIVIL ACTION

**VERSUS**                                                          **NO. 15-3039**

**DEUTSCHE INVESTMENT MANAGEMENT**                                  **SECTION "B"(2)**
**AMERICAS, INC., ET AL.**

ORDER AND REASONS

Before the court is Defendant's, GMFS, LLC, "Motion to Dismiss Pursuant to Federal Rule 12 (b)(6)" (Rec. Doc. 66) as well as Plaintiff's, Norman Paul Trahan, "Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule 12 (b)(6)" (Rec. Doc. 71). Defendant GMFS seeks dismissal of any claims against it, arguing that Plaintiff's Amended Complaint does not provide a cause of action upon which relief can be granted. For the reasons set forth below, **IT IS ORDERED** that the Defendant's Motion to Dismiss Pursuant to Federal Rule 12 (b)(6) is **GRANTED**.

I.   **FACTS AND PROCEDURAL HISTORY**

On March 24, 2005, the Plaintiff, Norman Paul Trahan, executed a promissory note in favor of PLC Finance, Inc. for $84,000 and secured by a Mortgage executed by Trahan[1]. This Mortgage was given in favor of Mortgage Electronic Registration Systems, Inc.

---

[1] For a more comprehensive procedural history please refer to the Court's July 20, 2016 Order and Reasons.

1

("MERS") as nominee for PLC Finance, Inc. On March 24, 2005, the promissory note was endorsed to GMFS. GMFS executed an open Allonge to the Note, rendering it bearer paper. GMFS sold all right, title, and interest of this loan to Goldman Sachs on May 29, 2005.

On February 1, 2007, Deutsche Bank National Trust Company moved to enforce the Promissory Note and Mortgage by executory process and a state district court issued an Order for the sale and seizure of the property. The property was sold at public auction on May 16, 2007. Plaintiff added Defendant, GMFS, in their August 13, 2015 First Amended Complaint.

GMFS filed a Motion to Dismiss against the Plaintiff and this Court issued an Order and Reasons regarding the motion on July 20, 2016. This Court stated that the motion would be granted unless the Plaintiff filed an amended complaint within fourteen days of the Order. In the amended complaint the Court ordered that the Plaintiff detail facts that would support legal conclusions against the Defendant. Plaintiff timely filed the Amended Complaint and GMFS in the instant action has moved to dismiss the case for a second time.

**RULE 12 (b)(6) DISMISSAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A*

*& M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly

3

give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**DISCUSSION**

12 C.F.R § 226.34(a) enumerates various actions that creditors who extend mortgage credits are prohibiting from taking. A creditor as described in this section is defined as "a person who regularly extends consumer credit 3 that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R § 226.2 (17)(i).

Plaintiff in his First Amended complaint (Rec. Doc. 61) and his Opposition (Rec. Doc. 71) bring claims against the Defendant under 12 C.F.R § 226.34(a)(4). Even if GMFS meets the statutory definition of creditor, this code section is only applicable to creditors who extend mortgage credits. Plaintiff has not plead facts that demonstrate GMFS extended mortgage credits to him.

4

Allegations of executing a promissory note and selling the mortgage to Goldman Sachs do not constitute facts that demonstrate GMFS extended mortgage credits to the Plaintiff. The alleged harm that Plaintiff suffered under 12 C.F.R § 226.34(a)(4) was not caused by any actions attributable to GMFS. Consequently, the Defendant's motion to dismiss should be granted because Plaintiff has failed to state a claim upon which relief can be granted, especially without factual allegations to support legal conclusions.

New Orleans, Louisiana, this 21st day of November, 2016.

SENIOR UNITED STATES DISTRICT JUDGE