# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**NORMAN PAUL TRAHAN**                           **CIVIL ACTION**

**VERSUS**                                       **NO. 15-3039**

**DEUTSCHE INVESTMENT MANAGEMENT**               **SECTION "B"(2)**
**AMERICAS, INC., ET AL.**

## ORDER AND REASONS

Before the Court are Plaintiff's "Motion to Remand" (Rec. Doc. 101) and Defendant Accent Title, LLC's Motion to Dismiss (Rec. Doc. 106),

**IT IS ORDERED** that the Plaintiff's Motion to Remand is **DENIED**. A district court must remand a case to state court if "at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the

state court petition as they existed at the time of removal." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

At the time of removal complete diversity existed between the parties and the petition had federal jurisdiction pursuant to 28 U.S.C. § 1332 (Rec. Doc. 1). Furthermore, there was federal question jurisdiction under 28 U.S.C. § 1331 at the time of removal as the Plaintiff asserted a Truth in Lending Act claim (Rec. Doc. 1). Even though most Defendants and claims have been dismissed, the motion to remand is inappropriate given that jurisdiction is assessed at the time of removal and not at future dates in the course of ongoing litigation. As the Fifth Circuit has explained, "the rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed

with, and expeditiously conclude, the litigation." *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995).

It appearing to this Court that the Motion to Dismiss having merit,

**IT IS FURTHER ORDERED** that the motion to dismiss is **GRANTED** and Plaintiff's claims against Defendant Accent Title, LLC, are hereby **DISMISSED WITH PREJUDICE.** Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed **and** served no later than eight (8) days before the noticed submission date. No memoranda in opposition to the instant motion, set for submission on **April 12, 2017** have been submitted. No party has filed a motion to continue the noticed submission date or filed a motion for extension of time within which to oppose the motion. Accordingly, the motion is deemed to be unopposed.

A motion for reconsideration of this Order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days of this Order. The motion must be accompanied by opposition memoranda to the original motion. Because such a motion would not have been necessary had timely opposition memoranda been filed, the costs incurred in connection with the motion, including attorney's fees, will be assessed against the party moving for reconsideration. *See* Fed. R. Civ. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall

be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8) days prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 5th day of June, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE